IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL ACTION NO. 2:06cv288-MHT |
| | ) | (CR. NO. 2:04cr150MHT) |
| v. | ) | |
| | ) | |
| TIMOTHY RUSSELL | ) | |

**AFFIDAVIT**

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF MONTGOMERY | ) |

I, KEVIN L. BUTLER, state the following:

1. I am an attorney admitted to practice law in Arizona, the Eastern District of California, the District of Nevada, the Middle District of Alabama, the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. I have been employed as an Assistant Federal Public Defender for over 13 years and in the Middle District of Alabama since November 19, 1998.

2. In order to prepare this affidavit, I have reviewed: (a) the Federal Public Defender's office file in _United States v. Timothy Russell_, 2:04-CR-150-T; (b) my time records prepared in this matter; (c) the Court docket sheet in _United States v. Timothy Russell_, 2:04-CR-150-T and (d) Mr. Russell's Habeas Petition filed pursuant to 28 U.S.C. § 2255. Details not provided by my review of the case file and pleadings are based upon my best recollection.

3. My review of Mr. Russell's pleadings indicates that he asserts (amongst other things) that he is entitled to relief on the basis that my representation was ineffective for four (4) reasons: (1) I failed to file a notice of appeal for Mr. Russell; (2) I failed to obtain a plea agreement and sentence based upon the marijuana charged in the indictment (instead of the cocaine base); (3) I failed to raise _Booker_ issues at sentencing; and (4) I was ineffective for letting Mr. Russell plead to possessing with intent to distribute narcotics that were not "smokable."

**Allegation 1:**    **I failed to file a notice of appeal.**

4.  With my counsel and advise, Mr. Russell entered into an 11(c)(1)(C) plea agreement.

5.  On multiple occasions, both before and after Mr. Russell entered his plea of guilty to Count 2 of the superseding indictment, I and another attorney from my office informed Mr. Russell that if the Court accepted the terms of the negotiated plea agreement, pursuant to the agreement and 18 U.S.C. § 3742(c) he would waive appeal of the plea agreement/conviction and sentence. He would also waive appeal under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel and prosecutorial misconduct.

6.  Mr. Russell accepted these conditions (i.e. the waiver of direct and collateral appeal) and this Court imposed a sentence in conformity with the negotiated plea agreement.

**Allegation 2:**    **I failed to obtain a plea agreement and sentence based upon the marijuana charged in the indictment (instead of the cocaine base).**

7.  After extensive negotiations, authorized by Mr. Russell, the parties agreed to a plea agreement in which Mr. Russell would admit to possessing with intent to distribute 178.7 grams of cocaine base.

8.  In exchange for this admission and Mr. Russell's cooperation, the government (and defense) would agree the specific sentence in this case would be one that is approximately 10 years less than that recommended by the advisory federal guidelines..

9.  Mr. Russell agreed to these terms, knowingly, voluntarily and intelligently. He then signed and executed the plea agreement.

**Allegation 3:**    **I failed to make *Apprendi/Booker* arguments at sentencing.**

10. The advisory guideline sentencing range corresponding to the **facts admitted by the Mr. Russell** was 210 months to 262 months. The court imposed a sentence 75-127 months **below** this advisory range. Therefore, there was not a Sixth Amendment/*Apprendi/Booker* issue (based upon judicial fact findings under a mandatory sentencing scheme) to be raised.

11. Additionally, after considering the factors set forth in 18 U.S.C. § 3553, the court imposed

the agreed upon sentence, which was substantially below the recommended guideline range. Therefore, the federal sentencing guidelines were not imposed as mandatory and there was not a statutory/*Booker* issue to be raised.

**Allegation 4:** **I was ineffective for letting Mr. Russell plead to possessing narcotics that were not "smokable."**

12. Mr. Russell admitted to possessing with the intent to distribute 178.7 grams of cocaine base. Additionally, based upon undersigned counsel's consultation Mr. Russell and case investigation, undersigned counsel was/is confident the government would be able show Mr. Russell possessed at least the amount of narcotics admitted in the plea agreement.

13. Therefore undersigned counsel, with Mr. Russell's authorization, negotiated a plea agreement entered in this case.

Dated this 12th day of April 2006.

Respectfully submitted,

KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

Sworn and subscribed to before me this 12th day of April 2006.

NOTARY PUBLIC
My Commission expires: 7-23-06

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CIVIL ACTION NO. 2:06cv288-MHT |
| | ) | (CR. NO. 2:04cr150MHT) |
| v. | ) | |
| | ) | |
| **TIMOTHY RUSSELL** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of April 2006, served a copy of the foregoing upon the following, by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed:

Terry Moorer, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

/s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138