IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. 2:06cv288-MHT-SRW |
| TIMOTHY RUSSELL | ) | (2:04cr150-T) |
| | ) | |
| Defendant/Movant. | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's order, responds to Defendant/Movant Timothy Russell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I.  PROCEDURAL HISTORY AND RELEVANT FACTS**

On July 13, 2004, a grand jury for the Middle District of Alabama returned a two-count superseding indictment against Defendant/Movant Timothy Russell ("Russell").  See Exhibit A, the superseding indictment.  Count 1 charged that, on or about June 11, 2003, in Montgomery County, within the Middle District of Alabama, Russell knowingly and intentionally possessed with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  Count 2 of the indictment charged that, on or about June 11, 2003, in Montgomery County, within the Middle District of Alabama, Russell knowingly and intentionally possessed with intent to distribute approximately 178.7 grams of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

On February 28, 2005, Russell agreed to enter a guilty plea to Count 2 of the superseding indictment. See Exhibit B, a copy of the plea agreement, at 1. The plea agreement informed Russell that, in return for pleading guilty to the knowing and intentional possession with intent to distribute approximately 178.7 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), he would receive a sentence of 135 months in prison. Exhibit B, at 2. The agreement also stated that, if Russell provided substantial assistance to the United States in any future case, the United States would file a motion for a downward departure under Fed. R. Crim. P. 35. Id. at 2-3. The agreement vested in the Office of the United States Attorney the sole discretion regarding whether such a motion would be filed. Id. at 3. The agreement also provided that, absent circumstances involving prosecutorial misconduct or ineffective assistance of counsel, Russell waived both his right to appeal his conviction or sentence, and his right to seek collateral relief under 28 U.S.C. § 2255. Id. The agreement contained a factual basis for the plea, wherein Russell acknowledged that, on June 11, 2003 in Montgomery, Alabama, he knowingly and intentionally possessed with intent to distribute approximately 178.7 grams of cocaine base. Id. at 5.

Russell's guilty plea hearing was conducted on February 28, 2005. See Exhibit C, a transcript of the guilty plea hearing. At the outset of the hearing, Russell consented to have his plea taken by a United States Magistrate Judge Russell and was placed under oath. Exhibit C, at 2-3. Kevin Butler, counsel to Russell, then summarized the terms of his plea agreement. Id. at 3. Butler stated that, in return for Russell's guilty plea to Count 2 of the indictment, the United States would recommend a sentence of 135 months. Id. Butler noted that the United States had agreed to file a motion for a downward departure under Fed. R. Crim. P. 35 if Russell provided

substantial assistance. Id. Finally, Butler stated that Russell's agreement contained a waiver of his appeal rights, absent circumstances involving prosecutorial misconduct or ineffective assistance of counsel. Id. Russell was then placed under oath. Id. at 4.

The Court then began its inquiry into whether Russell was competent to enter a plea and questioned him as to his understanding of the plea agreement. Russell informed the Court that he had fully discussed the charges against him with his counsel, and that he was fully satisfied with the advice given him. Id. at 5. He further stated that he had read and discussed his written plea agreement before signing it, and that the document contained his complete understanding of his plea. Id. at 5-6.

The Court then discussed the maximum statutory penalty for Russell's offense. On February 1, 2005, the United States filed a notice of information to establish his prior drug conviction, which would have required him to serve a minimum of twenty years in prison pursuant to 21 U.S.C. § 851. (Doc. # 37.) The United States filed a motion to dismiss the notice of enhancement on February 4, 2005, which was grated the motion on February 11, 2005. (Doc. ## 38, 39.) See also Exhibit C, at 7-8. The Court then stated that Russell's possible sentence was not less than ten years and not more than life imprisonment. Id. at 8. The Court informed Russell that the sentencing guidelines were advisory, and determined that his attorney had discussed how the guidelines might apply to his case. Id. at 10. Russell was advised by the Court that his agreement contained waivers of his rights to appeal and petition for habeas relief under § 2255. Russell stated that he understood the waivers. Id.

The Court then explained to Russell the constitutional rights he would forfeit if he entered a guilty plea in lieu of proceeding to trial. Id. at 10-11. Next, it explained the burden of

3

proof that the United States must meet in order to convict him of violating 21 U.S.C. § 841(a)(1). Id. at 12. Russell then provided a factual basis for his plea by acknowledging under oath that, on June 11, 2003, he knowingly and intentionally possessed with the intent to distribute 178.7 grams of cocaine base. Id. at 12-13. After hearing Russell plead guilty to Count 2, the Court stated that it found him to be competent and capable of entering an informed plea and that each element of the offense was supported by an independent factual basis. Id. at 13-14. The Court then accepted Russell's guilty plea. Id. at 14.

A presentence investigation report was prepared by the United States Probation Office. The report described Russell's offense conduct, i.e., his possession of 178.7 grams of cocaine base and 32.3 grams of marijuana. See PSI, at ¶¶ 8-12. The report recommended that Russell receive an offense level of 34, based on his responsibility for these drug amounts. PSI, at ¶ 19.

On May 13, 2005, the United States filed a motion for a downward departure in Russell's sentence, pursuant to U.S.S.G. § 5K1.1. See Exhibit D, a copy of the United States' motion.

Russell's sentencing hearing was conducted on May 20, 2005. See Exhibit E, a transcript of the sentencing hearing. Again, Russell's counsel summarized the plea agreement, which contained a "specific sentence of a hundred and thirty-five months . . . ." Exhibit E, at 2-3. The Court inquired as to whether the sentence was within the guidelines, and was informed by the probation officer that, with the United States' motion for downward departure, the specified sentence was within the guidelines range. Id. at 3. Butler also informed the Court that, although Russell had filed an objection to the PSI, it would be withdrawn if the motion for downward departure was granted. Id. The Court found that Russell's offense level was 34, which, when combined with a criminal history category of IV, produced a guideline imprisonment range of

210 to 262 months.  Id. at 9.  It then granted the United States' motion for downward departure and revised Russell's offense level to 30, which, when combined with a criminal history category of IV, produced a guideline imprisonment range of 135 to 168 months.  Id. at 9.  The Court next stated that it had evaluated the reasonableness of the sentence under 18 U.S.C. § 3553, and ordered Russell to serve 135 months in prison.  Id.  In further findings, the Court stated that the sentence was imposed because Russell "possessed with intent to distribute 178.8 grams of cocaine base along with 32.3 grams of marijuana."  Id. at 11-12.  Although the Court invited objections to the sentence imposed or to the manner in which it was pronounced, Russell did not lodge any objections to the factual findings or conclusions of law.  Id. at 12.  Judgment was entered in Russell's case on May 26, 2005.

Russell filed this Motion to Vacate, Set Aside or Correct Sentence on March 27, 2006.  On April 4, 2006, this Court entered an order directing the United States to respond within thirty days.  The United States requested and received an extension of time in which to respond, and now files this response to the § 2255 motion.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Russell raises the following issues in his § 2255 motion:

1. The United States has failed to file a motion for a downward departure pursuant to Fed. R. Crim. P. 35(b), and consequently has failed to fulfill its obligations under the plea agreement;

2. Counsel provided ineffective assistance due to his failure to file a requested appeal;

3. Counsel provided ineffective assistance for failing to argue and object that the plea agreement and sentence should have been based on marijuana, rather than cocaine base and marijuana;

4. Counsel provided ineffective assistance due to his failure to argue and object that this Court had the discretion to impose a sentence below the guideline range, and thus violated <u>United States v. Booker</u>; and,

5. Counsel provided ineffective assistance by permitting him to plead guilty where the United States did not prove that the quantity of cocaine base alleged in the indictment was "smokable," and that the plea was therefore not knowingly and voluntarily made.

### III. RESPONSE TO CLAIMS FOR RELIEF

**A. <u>Russell Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255</u>**.

The United States notes at the outset that Russell has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The judgment against Russell was entered on May 26, 2005. He did not appeal his conviction or sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. <u>See</u> <u>Kaufman v. United States</u>, 282 F.3d 1336, 1337-39 (11th Cir.2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires. Russell had ten days from the May 26, 2005 entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became

final on June 6, 2005, the first business day occurring after June 5, 2005. Therefore, under § 2255, Russell had until June 6, 2006 to file his motion. His filing of this § 2255 motion on March 27, 2006 is within one year of June 6, 2005, and his motion is therefore timely.

**B.      Russell's Petition Is Barred Because He Waived His Right to Seek Relief Under 28 U.S.C. § 2255 When He Entered His Guilty Plea.**

Russell agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered his guilty plea during his February 28, 2005 guilty plea hearing. See Exhibit C at 10. The Court specifically questioned Russell as to whether he understood that his plea agreement waived his ability to collaterally attack his sentence, and he stated under oath that he understood this provision. Id. Russell had also stated under oath that he understood the agreement and that he did not have any questions after reviewing it with his attorney. Id. at 5-6. The waiver was limited, and not applicable to instances of prosecutorial misconduct or ineffective assistance of counsel. Exhibit B, at 3. The United States submits that the waiver must apply to the ineffective assistance of counsel claims raised by Russell, as the record shows that counsel was not ineffective in any regard. See Part III.D., infra.

The Eleventh Circuit views Russell's waiver of his right to seek relief under § 2255 as a contract between the United States and a criminal defendant. It has stated that

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir.1993). In this case, [the appellant's] waiver was clearly knowing and voluntary--he was specifically questioned by the district court regarding the waiver of his right to appeal. See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir.1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999).

The Eleventh Circuit has also stated that "a waiver of the right to seek federal habeas review must be 'an intentional relinquishment or abandonment of a known right,' the right to federal habeas review." Allen v. Thomas,161 F.3d 667, 670 (11th Cir. 1998). The record demonstrates that the Court ascertained that Russell's assent to the terms of his plea agreement was knowing and voluntary. Exhibit C at 14. Russell's § 2255 motion is thus procedurally barred from review by this Court.

**C.    Russell's Claim That The United States Is Required To File A Motion Pursuant to Fed. R. Crim. P. 35(b) Is Without Merit.**

Russell's motion alleges that he is due to receive a reduction in sentence pursuant to Fed. R. Crim. P. 35(b) in return for his substantial assistance to the United States. His agreement stated that, if Russell provided substantial assistance to the United States in any future case, the United States would file a motion for a downward departure under Fed. R. Crim. P. 35. Exhibit B, at 2-3. The agreement also vested in the Office of the United States Attorney the sole discretion regarding whether such a motion would be filed. Id. at 3.

Russell has already benefitted from a pre-sentencing motion for a downward departure filed by the United States before his sentencing. Exhibit D. The Court's grant of the motion resulted in his receipt of 135 months in prison - the exact sentence contemplated by his plea agreement and guilty plea colloquy. See Exhibit E, at 3, 10; Exhibit B, at 2; Exhibit C, at 3. The fact that the departure was made pursuant to U.S.S.G. § 5K1.1, rather than Rule 35(b), does not produce a breach of the plea agreement, as the distinction between the two forms of relief are primarily temporal. See United States v. Awad, 371 F.3d 583, 588 (9th Cir. 2004) ("[Section] 5K1.1 and Rule 35(b) operate to provide substantially similar relief at entirely different stages of

the process."); United States v. Alvarez, 115 F.3d 839, 841 (11th Cir.1997) ("Section 5K1.1 is used at sentencing to reflect substantial assistance rendered up until that moment."); United States v. Howard, 902 F.2d 894, 896 (11th Cir.1990) ( "Rule 35(b) ... allows the court to resentence the defendant to reflect substantial assistance rendered after imposition of the initial sentence."). The motion under section 5K1.1 gave Russell the sentence for which he bargained, and he therefore had no reason to expect further departures.

Moreover, the determination as to whether or not to file a motion under Rule 35 (b) in Russell's case lies in the sole discretion of the United States. Exhibit B, at 3. His efforts to compel such a filing must fail because the "government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843 (1992)). Under Wade, federal courts may only "review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," such as "race or religion." Forney, 9 F.3d at 1502. Russell does not raise any claim that the United States' failure to file a Rule 35 motion has any unconstitutional basis, and this issue is precluded from review.

Russell received the downward departure warranted by his assistance at sentencing. Therefore, this claim should be dismissed.

**D.     Russell's Ineffective Assistance of Counsel Claims Should Be Rejected Because They Are Without Any Merit.**

Russell presents four claims of ineffective assistance of counsel: (1) that counsel failed to file an appeal as requested; (2) counsel failed to argue and object that the plea agreement and

9

sentence should have been based on marijuana, rather than cocaine base and marijuana; (3) counsel failed to argue and object that this Court had the discretion to impose a sentence below the guideline range, and thus violated United States v. Booker; and, (4) counsel permitted him to plead guilty where the United States did not prove that the quantity of cocaine base alleged in the indictment was "smokable," and that the plea was therefore not knowingly and voluntarily made. The United States responds that these claims are waived under Russell's plea agreement, as he has not demonstrated ineffective assistance in any respect as to these claims. See Part III.B., supra.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of Strickland v. Washington). More specifically, Ortiz-Alcantar must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan v. Dugger, 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United

States, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted).  The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ...  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high,"noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding.  Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002).  To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343.  In raising

11

ineffective assistance of counsel, Russell has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

>    **1.    Counsel was not ineffective for failing to file an appeal if Russell did not request that he do so.**

Russell's first claim of ineffective assistance of counsel asserts that, though he requested an appeal in his case, counsel failed to do so. Where counsel fails to file a notice of appeal after having been so instructed by his client, a showing of prejudice is not required, as the United States Supreme Court has long recognized that such action is both professionally unreasonable and presumptive prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000). The Eleventh Circuit has consistently held that, in these circumstances, defendants need not show viable grounds for the requested appeal. See Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005); McIver v. United States, 307 F.3d 1327, 1330 at n.1 (11th Cir. 2002); Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995).

Crucial to a Court's ruling that an appeal be permitted in circumstances such as those alleged by Russell is a finding that the defendant did, in fact, instruct his attorney to file a notice of appeal. In the McIver and Martin cases, the fact of counsel's failure to file the requested notice of appeal was established in the record. See McIver, 307 F.3d at 1329; Martin, 81 F.3d at 1084. In Montemoino, the Eleventh Circuit remanded the case for a hearing to determine whether the facts supported the defendant's allegation that he actually requested an appeal, and conditioned relief on a finding that the request was made. Montemoino, 68 F.3d at 418. See also United

States v. Snitz, 342 F.3d 1154, 1156 (10th Cir. 2003)(where the district court acknowledged the defendant's "credible testimony that immediately following his sentencing, he told his attorneys he wanted to appeal his sentence.")

The recent decision in Gomez-Diaz v. United States is consistent with past cases on the issue raised in Russell's motion. That case presented a petitioner who, the district court determined, "explicitly asked his attorney to appeal," but was persuaded not to by the attorney. Gomez-Diaz, 433 F.3d at 791. The Eleventh Circuit remanded with instructions for the district court to determine

> (1) whether Petitioner's initial statement of his desire to appeal was sufficient to trigger the per se duty to appeal outlined in Flores-Ortega; and (2) if not, whether Petitioner's attorney fulfilled his constitutional duty to consult with his client and to make a reasonable effort to determine Petitioner's wishes, and whether he acted in accordance with those wishes.

Id. at 792-93.

In effect, the Eleventh Circuit requires a petitioner to establish that he actually instructed his counsel to file an appeal. Here, Kevin Butler has filed an affidavit in this case which responds that Russell did not request an appeal. See Document #10, Affidavit of Kevin Butler. The United States notes that the filings in this case produce a situation where this Court must determine whether the pleadings filed by Russell or Butler are truthful. In the event this Court finds that Russell did request an appeal, he is entitled to an out-of-time appeal. Gomez-Diaz, id. at 794.

**2.     Counsel was not ineffective for failing to argue and object that the plea agreement and sentence should have been based on marijuana, rather than cocaine base and marijuana.**

Russell contends that Mr. Butler should have sought to have his sentence determined solely on the quantity of marijuana charged in his indictment, rather than the amount of cocaine

base charged in Count 2. He argues that the Court's determination at sentencing as to specific quantities of cocaine base and marijuana substantially violated his right to due process.

Russell himself established facts sufficient to support his guilty plea to possession with intent to distribute 178.7 grams of cocaine base, as charged in Count 2 of the superseding indictment. Exhibit C, at 12-13. The presentence investigation report informed the Court of the additional quantity of marijuana in Russell's possession. PSI, at ¶ 19. Russell did not object to the PSI, or to this Court's findings of fact at sentencing. Exhibit E, at 9, 11-12. His § 2255 motion does not show which facts counsel might have presented in contravention of the PSI findings, and thus supported the objection now urged by Russell. Drug quantity determinations for sentencing require a preponderance of evidence. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005), cert. denied 125 S.Ct. 2935 (2005). The Court's statement as to drug quantity attributable to Russell formalized its recognition that the evidence at sentencing, including the PSI, supported its factual findings.

Russell has failed to show that counsel erred in failing to object to the factual findings at sentencing, or the inclusion of cocaine base in the calculation of his offense level. He has not demonstrated that counsel's performance was deficient, nor has he shown any prejudice as required under Strickland, and this claim should be dismissed.

    **3.**     **Counsel was not ineffective for failing to argue and object that this Court had the discretion to impose a sentence below the guideline range, and thus violated United States v. Booker.**

Russell asserts that counsel was ineffective because he failed to argue that this Court imposed a sentence of 135 months while under the impression that it was bound by the federal sentencing guidelines. He asserts that, had counsel raised the issue, this Court would have

understood that it had the discretion to impose a lesser sentence. See United States v. Booker, 543 U.S. 220, 246, 261-63 (2005) (rendering federal sentencing guidelines advisory, and thereafter imposing a "reasonableness" standard in sentencing).

Russell entered into a guilty plea in exchange for a specific sentence under Fed. R. Crim. P. 11(c)(1)(C). Exhibit B, at 2; Exhibit C, at 2-3. This Court's acceptance of the plea agreement meant that it was bound by the terms set forth therein. See Fed. R. Crim. P. 11(c)(1)(C). Although this Court was well aware of its discretion under the Booker decision and specifically stated that it had evaluated Russell's sentence for reasonableness, such discretion was not at issue where Russell had agreed to a specific sentence under Fed. R. Crim. P. 11(c)(1)(C). Counsel was not inadequate for failing to remind the Court that the sentencing guidelines were no longer binding, and this claim of ineffective assistance should be dismissed.

  **4. Russell cannot establish that counsel provided ineffective assistance by permitting him to plead guilty where the United States did not prove that the quantity of cocaine base alleged in the indictment was "smokable," and that the plea was therefore not knowingly and voluntarily made.**

Russell asserts that his counsel was ineffective because he failed to have the United States prove that the substance in his possession was smokable, and therefore cocaine base. His claim also contends that, because he lacked knowledge as to the what the substance was, his plea was not knowing or voluntary.

Russell admitted that the substance in his possession was cocaine base. Exhibit B, at 5; Exhibit C, at 12-13. Russell specifically stated that he knew the substance to be cocaine base. Exhibit C, at 13. The United States was not required to prove that the substance was "smokable" where Russell acknowledged that he possessed cocaine base. Id. Given the evidence presented by

Russell in his plea colloquy, this issue had no merit in this case, and counsel cannot be ineffective for failing to raise a merit less point. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). Accordingly, this final issue of ineffective assistance should be dismissed.

Russell has failed to show in any of his ineffective assistance allegations that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his proceeding would have been different. Yordan v. Dugger, 909 F.2d at 477. Therefore, these claims should be dismissed.

### IV.  A HEARING IS NOT APPROPRIATE IN THIS MATTER

Russell has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991). Should this Court determine that Russell has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

### V.  CONCLUSION

For the above reasons, Defendant/Movant Timothy Russell has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 18th day of May, 2006.

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. 2:06cv288-MHT-SRW |
| TIMOTHY RUSSELL | ) | (2:04cr150-T) |
| | ) | |
| Defendant/Movant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Timothy Russell, #11530-002, FCI Talledega, Federal Correctional Institution, PMB 1000, Talledega, AL 35160.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov