1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

UNITED STATES OF AMERICA

    vs.                         CASE NO:  2:04cr150-MHT

TIMOTHY RUSSELL,

    Defendant.

\* \* \* \* \* \* \* \* \* \*

CHANGE OF PLEA HEARING

\* \* \* \* \* \* \* \* \* \*

BEFORE THE HONORABLE SUSAN RUSS WALKER, UNITED STATES MAGISTRATE JUDGE, at Montgomery, Alabama, on Monday, February 28, 2005, commencing at 4:11 p.m.

APPEARANCES:

FOR THE GOVERNMENT:    Mr. Kent B. Brunson
                           Assistant United States Attorney
                           OFFICE OF THE UNITED STATES ATTORNEY
                           One Court Square, Suite 201
                           Montgomery, Alabama  36104

FOR THE DEFENDANT:     Mr. Kevin L. Butler
                           FEDERAL DEFENDERS
                           MIDDLE DISTRICT OF ALABAMA
                           201 Monroe Street, Suite 407
                           Montgomery, Alabama  36104

Proceedings reported stenographically;
transcript produced by computer.

United States of America v. Timothy Russell 2:04cr150-MHT                                                         2/28/2005

2 (Pages 2 to 5)

### Page 2

1  (The following proceedings were heard before the Honorable
2  Susan Russ Walker, United States Magistrate Judge, at
3  Montgomery, Alabama, on Monday, February 28, 2005,
4  commencing at 4:11 p.m.:)
5      THE COURT: Next case is United States versus Timothy
6  Russell. It's 2:04cr150-T.
7      MR. BUTLER: Good afternoon, Your Honor. Kevin Butler
8  on behalf of Mr. Russell, who will be present shortly.
9      (Brief pause)
10     (Defendant present)
11     THE COURT: Is everyone ready to proceed?
12     MR. BUTLER: Yes, Your Honor. Mr. Russell is present.
13     THE COURT: Thank you.
14     MR. BUTLER: Oh, Your Honor. No. One moment. I'm
15 sorry.
16     (Brief pause)
17     MR. BUTLER: Thank you, Your Honor. One moment.
18     THE COURT: Okay.
19     MR. BUTLER: He's just going to execute the agreement.
20     (Brief pause)
21     THE COURT: All right. Previously, the Court was
22 informed that the defendant wishes to change his plea and
23 consents to having the guilty plea proceedings conducted by a
24 United States magistrate judge. I am a United States magistrate
25 judge. The next higher ranking judge is a district judge, and

### Page 3

1  you have the right to have a district judge take your plea. If
2  you wish to have me take your plea today, you need to read and
3  sign the consent form that's been given to you.
4      (Mr. Butler and the defendant comply)
5      MR. BUTLER: The form has been executed.
6      THE COURT: Thank you. Would counsel briefly summarize
7  the terms of the plea agreement?
8      MR. BUTLER: Yes, Your Honor. In exchange for
9  Mr. Russell's entry of plea to count two of the indictment, the
10 government is recommending the following. And all these
11 provisions are being entered into pursuant to 11(c)(1)(C), which
12 gives Mr. Russell the right to withdraw the plea if the terms
13 are not accepted by the Court.
14     The government will recommend a ceiling, for lack of a
15 better word, of 135 months in this case. The United States
16 reserves the right to inform the Court of Mr. Russell's
17 background. The United States agrees to file a motion for
18 downward departure under Rule 35 if Mr. Russell provides
19 substantial assistance in this case. Preliminary discussions
20 have taken place, and we anticipate that that Rule 35 meeting
21 slash proffer will take place shortly. The United States will
22 agree to dismiss the remaining charges. Additionally, in
23 exchange for Mr. Russell's plea of guilty to count two, the
24 defendant will be waiving his right to appeal except as to the
25 issues of prosecutorial misconduct or ineffective assistance of

### Page 4

1  counsel.
2      So the Court is aware, I have filed notice and I'll be
3  representing Mr. Russell through the end of these proceedings.
4  Ms. Freeman won't -- will not.
5      THE COURT: Okay. Did Ms. Freeman help him at some
6  points during this?
7      MR. BUTLER: Yes, Your Honor. Yes, she did.
8      THE COURT: All right. We'll swear the defendant in.
9      (The defendant is sworn)
10     THE COURT: Do you understand that you're now under
11 oath and that if you answer any of the questions asked here
12 falsely, your answers may later be used against you in another
13 prosecution for perjury or making a false statement?
14     THE DEFENDANT: Yes, ma'am.
15     THE COURT: What is your full name, please?
16     THE DEFENDANT: Timothy Russell. Timothy Jerome
17 Russell.
18     THE COURT: How old are you?
19     THE DEFENDANT: 27.
20     THE COURT: How far did you go in school?
21     THE DEFENDANT: About ninth grade.
22     THE COURT: Have you been treated recently for any
23 mental illness or addiction to narcotic drugs of any kind?
24     THE DEFENDANT: No, ma'am.
25     THE COURT: Are you currently under the influence of

### Page 5

1  any drug, medication, or alcoholic beverage of any kind?
2      THE DEFENDANT: No, ma'am.
3      THE COURT: Have you received a copy of the indictment
4  pending against you; that is, the written charges made against
5  you in this case?
6      THE DEFENDANT: Yes, ma'am.
7      THE COURT: Have you fully discussed those charges --
8      THE DEFENDANT: Yes, ma'am.
9      THE COURT: -- and the case in general with Mr. -- with
10 Ms. Freeman and Mr. Butler as your counsel?
11     THE DEFENDANT: Yes, ma'am.
12     THE COURT: Are you fully satisfied with the counsel,
13 representation, and advice given to you in this case by your
14 attorneys, Ms. Freeman and Mr. Butler?
15     THE DEFENDANT: Yes, ma'am.
16     THE COURT: There's a written plea agreement in this
17 case. Did you have an opportunity either to read it or to have
18 it read to you --
19     THE DEFENDANT: Yes, ma'am.
20     THE COURT: -- and to discuss the plea agreement with
21 your lawyer before you signed it?
22     THE DEFENDANT: Yes, ma'am.
23     THE COURT: Does that agreement, that written
24 agreement, include all of the understanding that you have with
25 the government?

United States of America v. Timothy Russell 2:04cr150-MHT        2/28/2005

3 (Pages 6 to 9)

**6**

1  THE DEFENDANT: Yes, ma'am.
2  THE COURT: Do you understand the terms of the plea
3  agreement?
4  THE DEFENDANT: Yes, ma'am.
5  THE COURT: And has anyone made any other or different
6  promise or assurance of any kind to you in an effort to induce
7  you to plead guilty in this case?
8  THE DEFENDANT: No, ma'am.
9  THE COURT: Do you understand that if the Court chooses
10 not to follow the terms of the plea agreement, the Judge will
11 give you the opportunity to withdraw your plea of guilty?
12 THE DEFENDANT: Yes, ma'am.
13 THE COURT: And that if you choose not to withdraw your
14 plea, the Judge may impose a more severe sentence without being
15 bound by the plea agreement?
16 THE DEFENDANT: Yes, ma'am.
17 THE COURT: Has anyone attempted in any way to force
18 you to plead guilty in this case?
19 THE DEFENDANT: No, ma'am.
20 THE COURT: Are you pleading guilty of your own free
21 will because you are guilty?
22 THE DEFENDANT: Yes, ma'am.
23 THE COURT: Do you understand that the offense to which
24 you are pleading guilty is a felony offense; that if your plea
25 is accepted, you will be adjudged guilty of that offense; and

**7**

1  that such adjudication may deprive you of valuable civil rights,
2  such as the right to vote, the right to hold public office, the
3  right to serve on a jury, and the right to possess any kind of
4  firearm?
5  THE DEFENDANT: Yes, ma'am.
6  THE COURT: The maximum penalty for count one -- I'm
7  sorry -- count two, to which you're pleading guilty, is no more
8  than $4 million fine, no less than 20 years' imprisonment and no
9  more than life imprisonment, or both the fine and the
10 imprisonment, no more than five years' supervised release --
11 MR. BUTLER: Your Honor, one moment.
12 THE COURT: Yes. Something's wrong with this.
13 (Brief pause)
14 MR. BUTLER: Your Honor, an enhancement was filed in
15 this case.
16 THE COURT: Okay.
17 MR. BUTLER: That enhancement has been withdrawn.
18 THE COURT: So this limit of punishment is not correct.
19 MR. BUTLER: Right. The minimum in this case is not 20
20 years. It is --
21 THE COURT: Let's get that corrected. Mr. Brunson,
22 maybe you can help me.
23 MR. BRUNSON: Your Honor, I'm here for Terry Moorer.
24 I'd like for that to be on the record. But the plea agreement
25 I'm looking at for count two says not less than ten years.

**8**

1  MR. BUTLER: That is correct.
2  THE COURT: Let's get that right, because I must have
3  an old --
4  MR. BRUNSON: Your Honor, if you look at the front page
5  of the plea agreement --
6  THE COURT: I see it.
7  MR. BRUNSON: -- the copy I've got says not less than
8  ten years.
9  MR. BUTLER: That is correct.
10 THE COURT: And I presume that this other expression of
11 the limits of punishment got in there because of an enhancement
12 that was filed.
13 MR. BUTLER: And which has later been withdrawn.
14 THE COURT: Okay. Very good. Let's redo this, then.
15 Mr. Russell, let me advise you that the maximum
16 punishment in your case to count two, to which you are pleading
17 guilty, is in fact not less than ten years and not more than
18 life imprisonment, a $4 million fine -- no more than $4 million
19 fine, or both the fine and the imprisonment, not less than five
20 years' supervised release, and a special assessment -- is it
21 $100 in this case?
22 MR. BUTLER: That is correct, Your Honor. Your Honor,
23 could I add for the record for Mr. Russell's -- because I'm sure
24 he's concerned -- the Court has accurately reflected what the
25 statutory sentence is under 21 United States Code 841(a);

**9**

1  however, under 18 United States Code, Section 3553(e), in the
2  event the government makes a motion, the Court can go underneath
3  the statutory minimum ten years. And it is our desire to try to
4  pursue that. So just so Mr. Russell is aware that it is true
5  that the lowest by statute is ten years, it can go underneath
6  that ten years if certain action is taken by the government.
7  THE COURT: All right. Do you understand that,
8  Mr. Russell?
9  THE DEFENDANT: Yes, ma'am.
10 THE COURT: Do you also understand that what I've read
11 to you is the maximum punishment --
12 THE DEFENDANT: Yes, ma'am.
13 THE COURT: -- in this case? Do you understand that?
14 THE DEFENDANT: Yes, ma'am.
15 THE COURT: With regard to supervised release, do you
16 understand that if you violate the conditions of supervised
17 release, you can be given additional time in prison?
18 THE DEFENDANT: Yes, ma'am.
19 THE COURT: Do you understand that you must pay a
20 special assessment fee of $100 in this case?
21 THE DEFENDANT: Yes, ma'am.
22 THE COURT: Do you understand that under the Sentencing
23 Reform Act of 1984, the United States Sentencing Commission has
24 issued guidelines for judges to follow in determining the
25 sentence in a criminal case?

RISA L. ENTREKIN, RDR, CRR, Official Court Reporter
U.S. District Court, Middle District of Alabama  334.240.2405

**Page 10**

1  THE DEFENDANT: Yes, ma'am.
2  THE COURT: And do you understand that under recent
3  Supreme Court decisions, those guidelines are now considered
4  advisory?
5  THE DEFENDANT: Yes, ma'am.
6  THE COURT: Have you and your attorney talked about how
7  the advisory sentencing guidelines might apply to your case?
8  THE DEFENDANT: Yes, ma'am.
9  THE COURT: Do you also understand that parole has been
10 abolished and that if you are sentenced to prison, you will not
11 be released on parole?
12 THE DEFENDANT: Yes, ma'am.
13 THE COURT: Do you also understand that under some
14 circumstances, you or the government may have the right to
15 appeal any sentence that the Court imposes?
16 THE DEFENDANT: Yes, ma'am.
17 THE COURT: And do you understand that by entering into
18 this plea agreement and entering a plea of guilty, you will have
19 waived, or given up, your right to appeal all or part of this
20 sentence?
21 THE DEFENDANT: Yes, ma'am.
22 THE COURT: Or to collaterally attack it, except as set
23 out in the plea agreement?
24 THE DEFENDANT: Yes, ma'am.
25 THE COURT: Do you understand that you have a right to

**Page 11**

1  plead not guilty to any offense charged against you and to
2  persist in that plea; that you would then have the right to a
3  trial by jury; that at trial, you would be presumed to be
4  innocent and the government would have to prove your guilt
5  beyond a reasonable doubt?
6  THE DEFENDANT: Yes, ma'am.
7  THE COURT: Do you understand that you would have the
8  right to the assistance of counsel for your defense, the right
9  to see and hear all the witnesses and have them cross-examined
10 in your defense, the right on your own part to decline to
11 testify unless you voluntarily elected to do so in your own
12 defense, and the right to the issuance of subpoenas or
13 compulsory process to compel the attendance of witnesses to
14 testify in your defense?
15 THE DEFENDANT: Yes, ma'am.
16 THE COURT: Do you understand that should you decide
17 not to testify or put on any evidence, these facts cannot be
18 used against you?
19 THE DEFENDANT: Yes, ma'am.
20 THE COURT: Do you further understand that by entering
21 a plea of guilty, if that plea is accepted by the district
22 judge, there will be no trial and you will have waived, or given
23 up, your right to a trial as well as those other rights
24 associated with a trial, as I just described them?
25 THE DEFENDANT: Yes, ma'am.

**Page 12**

1  THE COURT: The charge to which you're pleading guilty
2  is set out in count two of the superseding indictment. That
3  count charges that on or about June 11th, 2003, in Montgomery
4  County, within the Middle District and elsewhere, that you
5  knowingly and intentionally possessed or possessed with intent
6  to distribute approximately 178.7 grams of cocaine base or crack
7  cocaine, a Schedule II controlled substance, in violation of 21
8  U.S.C., Section 841(a)(1). Do you understand that that's the
9  charge to which you're pleading guilty?
10 THE DEFENDANT: Yes, ma'am.
11 THE COURT: The elements of this offense that the
12 government would have to prove in your case beyond a reasonable
13 doubt are, first, that you knowingly and intentionally possessed
14 cocaine base as charged in the indictment; second, that you
15 possessed more than five grams of cocaine base; and third, that
16 you intended to distribute the cocaine base. Do you understand
17 those elements?
18 THE DEFENDANT: Yes, ma'am.
19 THE COURT: I need to find whether or not there is a
20 factual basis for the plea. How would y'all like to handle
21 that?
22 MR. BUTLER: Your Honor, I'll assist the Court.
23 Mr. Russell, on or about June 11th, 2003, you were
24 arrested by law enforcement, correct?
25 THE DEFENDANT: Yes.

**Page 13**

1  MR. BUTLER: That arrest occurred after law enforcement
2  seized approximately 178.7 grams of cocaine base.
3  THE DEFENDANT: Yes, sir.
4  MR. BUTLER: That the cocaine base, commonly known as
5  crack, that was seized, you had been in possession of.
6  THE DEFENDANT: Yes.
7  MR. BUTLER: It was your intent at some point to give
8  that cocaine base to someone else.
9  THE DEFENDANT: Yes.
10 MR. BUTLER: That occurred -- you knowingly -- when you
11 had it, you knew what it was; that is, that it was cocaine base.
12 THE DEFENDANT: Yes.
13 MR. BUTLER: That occurred in Montgomery --
14 THE DEFENDANT: Yes.
15 MR. BUTLER: -- Alabama, which I've informed you is the
16 Middle District -- is within the Middle District of Alabama.
17 THE DEFENDANT: Yes.
18 MR. BUTLER: One moment, Your Honor.
19 (Brief pause)
20 MR. BUTLER: I think that satisfies the factual basis.
21 MR. BRUNSON: I agree, Your Honor.
22 THE COURT: How do you now plead to the charge against
23 you in count two of the superseding indictment, guilty or not
24 guilty?
25 THE DEFENDANT: Guilty.

United States of America v. Timothy Russell 2:04cr150-MHT								2/28/2005

5 (Pages 14 to 15)

14

1    THE COURT: It is the finding of the Court in the case
2 of United States versus Timothy Russell that the defendant is
3 fully competent and capable of entering an informed plea, that
4 the defendant is aware of the nature of the charges and the
5 consequences of the plea, and that the plea of guilty is a
6 knowing and voluntary plea supported by an independent basis in
7 fact containing each of the essential elements of the offense.
8    I will therefore recommend that the plea be accepted.
9    A written presentence report will be prepared by the
10 probation office to assist the Court in sentencing. You will be
11 asked to give information for the report. Your attorney may be
12 present for that, if you wish. The Court will permit you and
13 your counsel to read the presentence report and file any
14 objections to it before the sentencing hearing, and you and your
15 counsel will have the opportunity to speak on your behalf at the
16 sentencing hearing. That hearing or the date for that hearing
17 will be set by order. And until that time, I will remand you to
18 the custody of the United States Marshal.
19    Anything further?
20    MR. BUTLER: No, Your Honor.
21    THE COURT: All right. Thank you. Everybody's excused
22 for that case.
23    (Proceedings concluded at 4:28 p.m.)
24         * * * * * * * * * *
25

15

1         COURT REPORTER'S CERTIFICATE
2    I certify that the foregoing is a correct transcript
3 from the record of proceedings in the above-entitled matter.
4    This 18th day of April, 2006.
5
6         RISA L. ENTREKIN, RDR, CRR
7         Official Court Reporter