```
                IN THE UNITED STATES DISTRICT COURT
                                FOR
                   THE MIDDLE DISTRICT OF ALABAMA



THE UNITED STATES
   OF AMERICA

       vs.                          CRIMINAL ACTION NO.
                                    2:04-cr-150-MHT
TIMOTHY RUSSELL








                            SENTENCING



                       * * * * * * * * *


BEFORE:        The Hon. Myron H. Thompson

HEARD AT:      Montgomery, Alabama

HEARD ON:      May 20, 2005

APPEARANCES:   Terry Moorer, Esq.
               Kevin Butler, Esq.
```

```
 1  WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE
    THE HON. MYRON H. THOMPSON ON MAY 20, 2005 AT THE
 2  UNITED STATES COURTHOUSE IN MONTGOMERY, ALABAMA:

 3

 4            THE COURT:  The Court calls the case of

 5  United States of America vs. Timothy Russell.

 6            Will Mr. Russell come forward with his

 7  attorney.

 8            MR. BUTLER:  Good morning, Your Honor.

 9  Kevin Butler on behalf of Mr. Russell.

10            THE COURT:  Yes.  Now is this Mr. Russell?

11            MR. BUTLER:  Yes, Your Honor.

12            THE COURT:  Mr. Russell, have you and your

13  attorney reviewed the presentence report, including

14  any revisions that may have been made after the

15  initial disclosure?

16            THE DEFENDANT:  Yes.

17            THE COURT:  I couldn't hear you.

18            THE DEFENDANT:  Yes.

19            THE COURT:  Now was there a plea agreement

20  in this case?

21            MR. BUTLER:  There was, Your Honor.  The

22  parties entered the plea agreement pursuant to the

23  provisions of United States -- well Rule 11(c)(1)(c)

24  of the Federal Rules of Criminal Procedure, and the

25  plea agreement was for the specific sentence of a
```

```
 1  hundred and thirty-five months in this case with also
 2  the understanding that Mr. Russell would waive appeal
 3  of the sentence and conviction.
 4           THE COURT:  Okay.  Now the sentence
 5  agreement was what, now?
 6           MR. BUTLER:  For a specific sentence of a
 7  hundred and thirty-five months.
 8           THE COURT:  A hundred and thirty-five
 9  months.
10           Does Probation agree with that sentence?
11           THE PROBATION OFFICER:  Yes, Your Honor.
12           THE COURT:  Does that sentence comply with
13  the sentencing guidelines?
14           THE PROBATION OFFICER:  Yes, Your Honor.
15           THE COURT:  Is that within the guidelines or
16  outside the guidelines?
17           THE PROBATION OFFICER:  With the motion for
18  downward departure that was filed by the Government,
19  it is within the guideline range, Your Honor.
20           THE COURT:  Okay.
21           MR. BUTLER:  Your Honor, additionally, there
22  was an objection to the P. S. I., uh -- but with the,
23  um, motion for a downward departure being filed, if it
24  is granted by the Court we will be withdrawing that
25  objection.
```

```
 1            THE COURT:  Okay.  Now he's used drugs since
 2  he's been on bond, is that correct?
 3            MR. BUTLER:  There is evidence that he used
 4  controlled substances while on pretrial release.
 5            THE COURT:  Does he have an addiction
 6  problem?
 7            MR. BUTLER:  Your Honor, uh, while in
 8  custody he would greatly benefit from, um, a chemical
 9  addiction program, the intensive one.  Um, he does,
10  uh, suffer from drug addiction.
11            THE COURT:  Is that correct?
12            THE DEFENDANT:  Yes.
13            THE COURT:  What are you addicted?
14            THE DEFENDANT:  Marijuana.
15            THE COURT:  But you use cocaine too, don't
16  you?
17            THE DEFENDANT:  Yes, sir.
18            THE COURT:  Are you addicted to the cocaine?
19            THE DEFENDANT:  Yes, sir.
20            THE COURT:  Have you ever had the benefit of
21  drug treatment?
22            THE DEFENDANT:  No, sir.
23            THE COURT:  Why not?
24            (Whereupon, there was no response.)
25            THE COURT:  Why not?
```

```
 1              THE DEFENDANT:  I wasn't supervised to.
 2              THE COURT:  You weren't supervised to, you
 3   say?
 4              MR. BUTLER:  Your Honor, if I could expand
 5   on that I little more.  I have spoken about this with
 6   Mr. Russell.  Mr. Russell's circumstance in life was
 7   such that obtaining -- at the time of the offense
 8   obtaining drug counseling was not first and foremost
 9   on his agenda of things to do in his life.  After
10   having been arrested, having considered everything in
11   his life, what his lifestyle was causing, it was clear
12   to him, as well as the Court, that he was addicted,
13   and it has led him to where he is right now and he
14   would like to.
15              THE COURT:  Why did you not seek treatment
16   before on your own?
17              THE DEFENDANT:  I don't know.
18              THE COURT:  Pardon?
19              THE DEFENDANT:  I don't know.
20              THE COURT:  But you knew you had an
21   addiction but you didn't seek treatment?
22              THE DEFENDANT:  I didn't receive (sic.) it
23   as an addiction.
24              THE COURT:  You didn't receive it as an
25   addiction?
```

```
 1              THE DEFENDANT:  No, sir.
 2              THE COURT:  You only perceive it now?
 3              THE DEFENDANT:  Yes.
 4              MR. BUTLER:  Your Honor, which, again,
 5    typical of situations like this, people are involved
 6    in the activity they are.  It's the life that they
 7    know.  It usually takes them hitting rock bottom and
 8    being in a circumstance like Mr. Russell to recognize
 9    what it has done to their lives.
10              THE PROBATION OFFICER:  Your Honor, I would
11    simply point out that the defendant while on bond was
12    referred for drug treatment and enrolled in an
13    intensive outpatient program mere in Montgomery, but
14    he failed to comply with the terms of the program.  He
15    didn't report to several sessions and was subsequently
16    terminated.  And I think that ties in with what Mr.
17    Butler is saying, that he just did not take the drug
18    treatment program seriously during that stage in his
19    life.  But it was recommended by our office.  He,
20    unfortunately, did not complete the requirements.
21              THE COURT:  How far did you go in school?
22              THE DEFENDANT:  Ninth grade.
23              THE COURT:  So you haven't finished high
24    school?
25              THE DEFENDANT:  No, sir.
```

1          MR. BUTLER: And again, Your Honor, that's a
2 little different from what I was saying. What I was
3 saying is that at the time of his arrest, the
4 addiction was controlling, but additionally when he
5 was released and trying to address this case as well
6 as other issues, the addiction was still there. It
7 hadn't just gone away, and that's what caused the
8 relapse.
9          He was aware at the time of his release that
10 the addiction was creating awful problems for him.
11         THE COURT: You haven't had a steady job
12 pretty much, have you?
13         THE DEFENDANT: Excuse me?
14         THE COURT: You've never had a steady job?
15         THE DEFENDANT: No, sir.
16         THE COURT: What about your son Timothy,
17 where is he?
18         THE DEFENDANT: He's in custody with his
19 mother.
20         THE COURT: What?
21         THE DEFENDANT: He's in custody with his
22 mother.
23         THE COURT: He's how old?
24         THE DEFENDANT: About seventeen, eighteen
25 months.

```
 1              THE COURT:  Do you ever see him?
 2              THE DEFENDANT:  No, sir.
 3              THE COURT:  Did you see him before you were
 4   put back in jail?
 5              THE DEFENDANT:  Yes, sir.
 6              THE COURT:  How often did you see him?
 7              THE DEFENDANT:  Every day.
 8              THE COURT:  You weren't living with the
 9   mother though, were you?
10              THE DEFENDANT:  Yeah, we stayed together.
11              THE COURT:  Before you were taken back in on
12   bond?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  But you weren't working?
15              THE DEFENDANT:  No, sir.
16              THE COURT:  Where were you getting your
17   money?  Was your wife working?
18              THE DEFENDANT:  Yes.
19              THE COURT:  So she was the only person
20   working in the household?
21              THE DEFENDANT:  My Mom.
22              THE COURT:  And you lived with your Mom,
23   too?
24              THE DEFENDANT:  Mm-hmm.
25              MR. BUTLER:  I would like to add for the
```

```
 1   record, Your Honor, that my investigation of the case
 2   has revealed that he was doing what he could to
 3   support his child, and that funds and money were being
 4   supplied, although albeit at a very small level.
 5            THE COURT:  So you're getting a little over
 6   eleven years in prison.  That's what you agreed to?
 7            THE DEFENDANT:  Yes.
 8            THE COURT:  So you're now twenty-seven?
 9            THE DEFENDANT:  Yes.
10            THE COURT:  So you'll be around thirty-eight
11   when you get out.  It's a long time, isn't it?  You
12   didn't think this would happen to you?
13            THE DEFENDANT:  Not at the time.  I didn't
14   realize.
15            THE COURT:  The Court accepts the plea
16   agreement.  The Court will first announce the proposed
17   sentence, and then I'll give you an opportunity to
18   make comments before I decide whether to impose the
19   sentence as announced.
20            There being no objections to the presentence
21   report, the Court finds that the offense level is
22   thirty-four, the criminal history category is four,
23   the guideline range is from two hundred and ten to two
24   hundred and sixty-two months, the supervised release
25   period is five years and the fine range is from
```

1  seventeen thousand five hundred to four million
2  dollars.
3         The Court finds the Government's motion for
4  downward departure pursuant to 5K1.1 based on the
5  defendant's substantial assistance to the Government
6  should be and is granted.  The Court finds that the
7  guideline level should be thirty, which when combined
8  with the criminal history category creates a guideline
9  range of one hundred and thirty-five to one hundred
10 and sixty-eight months and a fine range from fifteen
11 thousand to four million dollars.
12        The Court, having considered and consulted
13 the sentencing guidelines and evaluated the
14 reasonableness of a sentence through the lens of Title
15 18 United States Code, Section 3553, it is the order,
16 judgment and decree of the Court that the defendant,
17 Timothy Russell, is sentenced to one hundred and
18 thirty-five months.
19        He shall pay to the United States District
20 Court Clerk a special assessment fee of one hundred
21 dollars which is due immediately.  Furthermore,
22 because of his inability to pay, the Court waives the
23 imposition of a fine.
24        It is further ordered that upon release from
25 imprisonment the defendant shall be placed on

```
 1  supervised release for a term of five years.  Within
 2  seventy-two hours of release from custody the
 3  defendant shall report to the probation office in the
 4  district to which he is released.  It is further
 5  ordered that while on supervised release he shall
 6  comply with the mandatory and standard conditions of
 7  supervised release on file with the Court.
 8            The Court also orders the following special
 9  conditions.  The defendant shall participate in drug
10  testing and treatment as directed by his supervising
11  probation officer.  He shall contribute to the cost of
12  any treatment based on his ability to pay and the
13  availability of third party payments.  He shall submit
14  to a search of his person, residence, office and
15  vehicle pursuant to the search policy of the Court.
16  He shall submit to D N A testing as directed by his
17  probation officer.  He shall pursue general -- a
18  general equivalency diploma, that is a G. E. D.
19            The Court finds that there is no
20  identifiable victim who incurred a financial loss as a
21  result of this sentence.
22            The sentence is imposed at one hundred and
23  thirty-five months because the defendant possessed
24  with intent to distribute one hundred and
25  seventy-eight point eight grams of cocaine base along
```

```
 1  with thirty-two point three grams of marijuana.
 2          I'll ask you at this time, Mr. Russell, are
 3  there any objections to the sentence imposed or to the
 4  manner in which the Court pronounced it, other than
 5  those objections previously stated for the record?
 6  For example, do you have any objection to the Court's
 7  ultimate findings of fact or conclusions of law?
 8  Furthermore, you are instructed that if you have an
 9  objection, you must not only state the objection, you
10  must give the grounds for the objection.
11          MR. BUTLER:  Your Honor, we don't have any
12  objections to what was stated.  What we would ask,
13  though, is that the Court include in the sentence, uh,
14  that Mr. Russell, um, be designated to a facility that
15  has --
16          THE COURT:  I don't -- I didn't say that?
17  You're absolutely right I should have.
18          It is further recommended that Mr. Russell
19  be placed in a facility where he can seek drug
20  treatment.
21          MR. BUTLER:  We'd ask that be intensive drug
22  treatment program.
23          THE COURT:  That's right.  Intensive
24  residential drug treatment program.  He should receive
25  that.  The Court recommends that.
```

```
 1            MR. BUTLER:  Other than that we have no
 2   further requests or objections.
 3            THE COURT:  The sentence is amended to
 4   reflect that.
 5            I further ask you, Mr. Russell, do you have
 6   anything to say as to why the sentence as announced
 7   should not be imposed, or do you have anything to say
 8   in mitigation of the sentence?
 9            THE DEFENDANT:  No, sir.
10            THE COURT:  It is the order, judgment and
11   decree of the Court that the sentence as announced is
12   hereby imposed.
13            Now, Mr. Russell, you have ten days to file
14   any notice of appeal.  If you cannot afford the cost
15   of an appeal, the Court will allow you to appeal at no
16   cost including furnishing you with a free transcript
17   and a free attorney to the extent that you may still
18   have a right to appeal.  I understand you've waived
19   that right.
20            You're in the custody of the marshal.
21            MR. MOORER:  Your Honor, I move to dismiss
22   count one, the remaining make count.
23            THE COURT:  It's dismissed.
24            (Whereupon, the proceedings were concluded.)
25                     * * * * * * * * *
```

1
2        COURT REPORTER'S CERTIFICATE
3
4        I certify that the foregoing is a correct
5   transcript from the record of proceedings in the
6   above-entitled matter as prepared by me to the best of
7   my ability.
8
9        I further certify that I am not related to
10  any of the parties hereto, nor their counsel, and I
11  have no interest in the outcome of said cause.
12
13       Dated this 19th day of April 2006.
14
15       _____
         MITCHELL P. REISNER, CM, CRR,
16       Official US Dist. Court Reporter
         Registered Professional Reporter
17       Certified Real-Time Reporter
18
19
20
21
22
23
24
25