IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv288-MHT |
| | ) | |
| TIMOTHY RUSSELL | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. # 11) addressing the claims presented by the movant, Timothy Russell, in his 28 U.S.C. § 2255 motion. In its response, the government argues, *inter alia*, that Russell's § 2255 motion is barred because he expressly waived his right to seek relief under 28 U.S.C. § 2255 when he entered his guilty plea. The government further argues that all of Russell's claims of ineffective assistance of counsel lack merit and rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984). Finally, the government argues that Russell's claim that the government is required to file a motion for sentence reduction pursuant to Fed.R.Crim.P. 35(b) is without merit.

A procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the movant fails to show cause and prejudice, a procedural default will not preclude a federal

court from considering a movant's federal constitutional claim where the movant is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before June 9, 2006, Russell may file a reply to the response filed by the government. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after June 9, 2005, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Russell is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Russell is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Russell attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Russell

is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

DONE, this 22nd day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE