ORIGINAL

RECEIVED

IN THE UNITED STATES DISTRICT COURT    2006 JUN -8  A 9: 22
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA,       :
                                :
            Respondent,         :      Civil Case No.2:06-cv-288-MHT-SRW
                                :      (Crim. Case No.2:04-cr-150-T)
vs.                             :
                                :
TIMOTHY RUSSELL,                :
                                :
            Defendant/Movant.   :

---

DEFENDANT/MOVANT TIMOTHY RUSSELL'S REPLY TO UNITED STATES'
RESPONSE TO 28 U.S.C. §2255 MOTION

Pursuant to this Honorable Court's Order of May 22, 2006 (Doc.12), the

Defendant/Movant Timothy Russell, pro se, (hereinafter "Russell") hereby

respectfully files this his Reply to United States' Response to 28 U.S.C. §

2255 motion.  In support thereof states as follows:

1.    Counsel Kevin Butler was ineffective for failure to file a
      requested direct appeal

The government alleges that Russell's plea agreement provides that he

waived "both" his right to appeal his conviction and sentence, and his right

to seek collateral relief under 28 U.S.C. §2255. (GR.pg.2, 7-8).[1] This

proclivity is belied by the record.

The plea contract reads in relevant part:

**DEFENDANT WAIVES RIGHT TO APPEAL UNDER 28 U.S.C. §2255**
**28 U.S.C. §2255 PETITION**

The defendant waives his right to appeal either the
guilty plea or sentence under the provisions of Title
28, United States Code, Section 2255, except as to

---

[1]    The Government's Response will be referred hereto, for simplicity, as
"GR", followed by the page number, e.g., (GR.pg__).  No disrespect is
intended.

1

issues of prosecutorial misconduct or ineffective
assistance of counsel.

See Plea Agreement, page 3.

Consequently, Russell waived his right to appeal either the guilty plea
or sentence pursuant to §2255 motion, only. At no time--and the plea is
silent as to the matter--did Russell waive his right to file a direct appeal
pursuant to Rule 32 Fed.R.Crim.P. See Rule 32(j). And, if there is any
ambiguity in the plea contract concerning to the waiver of this right [to
file a criminal direct appeal], it must be read in favor of Russell. United
States v. Jefferies, 908 F2d 1520, 1523 (CA11 1990)(Plea agreement that is
ambiguous must be read against Government).

Ergo, albeit Russell waived many important rights in the plea contract,
including his right to a civil appeal [§2255 motion], he never waived his
right to a direct [criminal] appeal, and the only way he can bring this
claim to court is via §2255 motion because this claim meets one of the two
excepted rights he did not waive in the plea contract, that is ineffective
assistance of counsel--for failure to file a requested direct [criminal]
appeal. See Plea Agreement, pg.3. (GR.pg.7).

Relief under §2255 "is reserved for transgrations of constitutional
rights and for that narrow compass of other injury that could not have been
raised on direct appeal and would, if condoned, result in a complete
miscarriage of justice." Richard v. United States, 837 F2d 965, 966 (CA11
1988). Generally speaking, an available challenge to a criminal conviction
or sentence must be advanced on direct appeal or else it will be considered
procedurally barred in a §2255 proceeding. Mills v. United States, 36 F3d
1052, 1055 (CA11 1994). However, a Sixth Amendment ineffective assistance
of counsel claim is properly presented to the district court for the first

2

time in a §2255 motion. United States v. Mount, 161 F3d 675, 678 (CA11 1998);
Massaro v. United States, 538 U.S. 500 (2003); United States v. Dominguez-
Benitez, 124 S.Ct. 2330, 2340 n.9 (2004).

It is noted in the record that counsel Butler misinformed the court that
Russell agreed to a [blanket] waived of the sentence and conviction (Sentencing
Transcripts "ST." pg.3). Counsel Butler's misinformation led the court to
believe that Russell waived all of his rights [civil and criminal] to appeal
in toto. (ST.pg.13). However, the plea contract is clear that Russell only
waived his right to appeal his guilty plea or sentence via §2255 motion only.
Therefore, in this case Russell's Sixth Amendment rights and his right to
file a direct appeal were violated by his counsel's misinformation to the
court and by his counsel's want to prosecute a direct appeal as directed to
counsel by Russell, because Russell's understanding was that he retained the
absolute right to file a direct appeal, and when his counsel misguided the
court to believe that Russell waived allof his rights to file a direct appeal,
which is a language that does not exist in the plea contract, and the court
followed suit, Russell's rights were substantially violated, requiring
relief.

Lastly, the government avers that counsel was not ineffective for failing
to file an appeal if Russell did not request that he do so. (GR.pg.12). For
this, the government states that counsel Kevin Butler has filed an affidavit
in this case (GR.pg.13).

The government has failed to serve upon Russell a copy of the affidavit
with the government's response to Russell's §2255 motion. See Exhibit A.
Hence, Russell ignores the content of said affidavit of Mr. Butler.

Moreover, affidavits may not be used to resolve contested fact issues

3

unless they are supported by other evidence of record. Machibroda v. United States, 368 U.S. 487 (1960). The fact of counsel Butler's failure to file, as a minimum a notice of appeal, even if he did not want to prosecute a direct appeal, is established in the record. See McIver v. United States, 307 F3d 1327, 1330 (CA11 2002).

Russell asserts that he clearly and specifically asked Mr. Butler to file a direct appeal for him, and he maintains that Mr. Butler stated that he would do it so. Hence, Russell received ineffective assistance of counsel when Mr. Butler failed to file a notice of appeal and a direct appeal after requested to do so. See Exhibit B [Russell's sworn affidavit], and Exhibit C [Russell's complaint filed on February 7, 2006, in the Alabama State Bar].

Inasmuch as the other claims raised in Russell's §2255 motion, the government avers that the claims are meritless because counsel was not ineffective in any regard (GR.p.7, and GR. Part III.D).[2] The government's avertment is without merit.

Without waiving the other claims raised in his §2255 motion, it is dispositive for the resolution of the instant case that Russell need not show that these were viable grounds for an appeal or relief, and he need not demonstrate that any of these or other issues would have succeeded in order to establish prejudice sufficient for habeas relief or appeal relief.

---

2.    Albeit irrelevant to the claims raised in this motion, it is noted that the government had filed a notice of information pursuant to 21 U.S.C. §851. (GR.pg.3), which was later dismissed. Id. However, this simple possession of a minute amount of marijuana for personal use was not categorically a drug trafficking offense for purpose of either §851 enhancement nor for applying Sentencing Guideline level enhancement as the PSI here has improperly increased Russell's criminal category. See PSI, pg. 9 ¶32. An issue that Mr. Butler failed to investigate, raise and timely object. See United States v. Morales-Perez, 438 F3d 971 (CA9 2006).

The Eleventh Circuit Court has long held that an attorney's failure to file an appeal after the defendant requests him to do so entitled the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal.  See Montemoino v. United States, 68 F3d 416, 417 (CA11 1995)(and cases cited therein).  Therefore, since Russell never waived his right to file a direct appeal, albeit he pleaded guilty, has the right to direct appeal of his sentence. Id. n.3. Martin v. United States, 81 F3d 1083 (CA11 1996); Restrepo v. Kelly, 178 F3d 634, 641-42 (CA2 1999) (holding that a habeas petitioner alleging ineffective assistance of counsel based on counsel's failure to file a requested notice of appeal need not demonstrate that his defaulted appeal would have succeeded in order to establish prejudice sufficient for habeas relief).

## CONCLUSION

This Honorable Court will find that this motion to vacate requires evidentiary findings and oral argument regarding the claim of ineffective assistance of counsel for failing to file a requested direct appeal after being requested to do so.  In the alternative, Russell would suggest a waiver of the evidentiary hearing providing that the Court grant Russell an out-of-time appeal, and appoint new counsel to assist Russell in this endeavor.[3] Russell withal prays for any other relief the Court deems just

---

3.    See Montemoino v. United States, 68 F3d 416, 417 n.2 (CA11 1995); Gomez-Diaz v. United States, 433 F3d 788, 794 (CA11 2005).

The alternative request would be only to avoid additional costs & expenses to the government's financial resources from the overburdened tax-payers, which [costs & expenses] could have been avoided had Mr. Butler filed an appeal ab initio, upon Russell's requests.

5

and proper in the interest of justice and equitable application of the law.

Respectfully submitted this _2nd_ day of June, 2006.

_Timothy Russell_
Timothy Russell
11530-002
FCI Talladega
PMB 1000
Talladega, AL 35160


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion and its attachments [Exhibits A, B, & C], were mailed this _2nd_ day of June, 2006, pursuant to Washington v. United States, 243 F3d 1299, 1301 (CA11 2001), to:

Honorable Terry Moorer
Assistant United States Attorney
P.O.Box 197
Montgomery, Alabama 36101-0197

_Timothy Russell_
Timothy Russell
Pro Se Defendant/Movant