IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 JAN 11  A 9: 42

UNITED STATES OF AMERICA,           ]
                                    ]
            Respondent.             ]
                                    ]
vs.                                 ]        No.2:06-cv-288-MHT-SRW
                                    ]           (2:04-cr-150-T)
TIMOTHY RUSSELL,                    ]
                                    ]
            Defendant/Movant.       ]
_____]

DEFENDANT/MOVANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION DUE TO INTERVENING CHANGE IN THE LAW THAT WAS NOT AVAILABLE AT THE TIME HE FILED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

COMES NOW the Defendant/Movant Timothy Russell ("Russell"), and hereby respectfully moves this Honorable Court for leave to file this Supplemental Motion due to intervening change in the law that was not available at the time that Russell filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. In support thereof states as follows:

On March 27, 2006, Russell filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, raising five grounds for relief.

On May 18, 2006, the Respondent ("Government") filed its response to Russell's §2255 motion. And, on June 2, 2006, Russell filed his reply to the Government's response to [his] §2255 motion.

Russell's §2255 motion is pending before this Court for review and final opinion and order. This motion ensues these proceedings.

On November 1, 2007, the U.S. Sentencing Commission amended the Drug Quantity Table in §2D1.1 so that crack quantities triggering the five and ten year mandatory minimums are assigned Base Offense Levels ("BOL") two

1

levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exceed) the mandatory minimum. The Commission similarly adjusted the drug threshold quantities above, between, and below the mandatory minimum thresholds, with the net result being that for crack offenses, base offenses levels across the board are two levels lower than they would have been before the amendment. See 72 Fed.Reg. 28, 558, 28, 571-73; U.S.S.G. App. C. Supp. Amend. 706; U.S.S.G. §2D1.1 (2007).

Hence, pursuant to this retroactive amendment, Russell petitions the Court to reduce his offense level. The Court found that the guideline level in this case was thirty (30), which combined with the criminal history category created a guideline range of 135 to 168 months. This Court sentenced Russell to 135 months, the bottom of the corresponding guidelines. (See Sentencing Transcripts, heard on May 20, 2005, at page 10. Criminal Case No. 2:04-cr-150-MHT). Consequently, by reducing two levels lower than the original guideline level 30, Russell's reduced sentence would correspond to level 28 reflecting a guideline range of 110 to 137 months. And, since the Court originally sentenced Russell to the bottom of the anterior guideline level 30, here too, the Court should reduce Russell's sentence to reflect the bottom of the guideline level 28 to 110 months.

However, Russell respectfully asks this Court to further reduce his sentence to the correct and applicable mandatory minimum sentence of five (5) years, rather than the guideline recommendation, because the five years statutory minimum is more than sufficient punishment. This Honorable Court has complete discretion to grant this request pursuant to United States v.

Booker, 543 U.S. 220 (2005); Rita v. United States, ___U.S.___(No.06-5754)(June 21, 2007); Kimbrough v. United States, ___U.S.___(No.06-6330)(2007); Gall v. United States, ___U.S.___(No.06-7949)(2007). See also, United States v. Hicks, 472 F3d 1167 (CA9 2007)(Booker applies to resentencing proceedings brought under the statute authorizing court to modify a sentence based on subsequent lowering of Sentencing Guidelines range by Sentencing Commission).

Ergo, in fashioning Russell's sentence below the recommended advisory guideline range of level 28, the Court should take into consideration his mitigating circumstances that militate on his favor. Russell pleaded guilty, and he did not put the government to the burden of trial. He cooperated and assisted the government to the full extent of his capacity. He has undergone an extraordinary self-postconviction-rehabilitation, and has maintained a report of exemplary conduct in prison, in spite of the many perils he has endured thru a dire prison life and its taut conditions. These are matters that 18 U.S.C. §3353(a)(1) authorizes this Honorable Court to consider in the case at bar to grant the requested relief, and which are supported by the Supreme Court's rulings in Booker, Rita, Kimbrough, and Gall, supra.

It is noted, as Russell has argued in his §2255 motion, that his plea was entered unknowingly, and involuntarily, and in violation of his due process and right to effective assistance of counsel because the government impermissibly enhanced Russell's punishment by filing a faulty notice of information to establish prior convictions, which failed to comply with the mandatory requisites set forth in 21 U.S.C. §851, which cited the wrong statute, 21 U.S.C. §841(b)(1)(B)(vii)(100 kilograms of more of a mixture or

3

substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight).

Russell's prior offense was possession of a minute amount of marijuana for personal use. This comes short to meet the 100 kilograms of marijuana in the statute cited by the government (§841(b)(1)(B)(vii)). See Presentence Investigation Report ("PSI"), page 9, ¶32. See United States v. Arnold, 485 F3d 290 (CA5 2007)(government's statutory citation error which announced government's intention to seek enhanced sentence was prejudicial); United States v. Williams, 372 F.Supp.2d 1335 (M.D.Fla.2005)(District court's sentencing discretion is not limited to that sentence which the government advocates; instead, court will consider the sentencing guidelines on a advisory basis in the context of statutory factors); United States v. Sperow, 494 F3d 1223, 1226-27 (CA9 2007)(government's notice of intent to seek increased sentence was insufficient to satisfy statutory notice requirement). United States v. Wyss, 147 F3d 631, 632 (CA7 1998)(cocaine that defendant bought and possessed to consume rather than to sell could not be used as uncharged drug-related misconduct to enhance his sentence). United States v. Salinas, 164 L.Ed.2d 364 (2006). See also, United States v. Kissick, 69 F3d 1048, 1056 (CA10 1995)(Defendant receiving ineffective assistance of counsel, where counsel failed to challenge state conviction at sentencing as containing none of elements beyond simple possession necessary to establish "controlled substance offense" under career criminal Sentencing Guidelines).

## CONCLUSION

Based upon the foregoing, the Denfendant, Timothy Russell, hereby respectfully moves this Honorable Court to accept this motion and that the relief sought herein be granted. He also prays for any other relief the Court deems to be just and proper in the case at bar.

Respectfully submitted this 9th day of January, 2008.

Timothy Russell
#11530-002 (Unit Beta B)
FCI Talladega
PMB 1000
Talladega, AL 35160

## CERTIFICATE OF SERVICE

I hereby certify pursuant 28 U.S.C. §1746, that a true and correct copy of this motion was mailed first class mail postage prepaid, to:

Mr. Terry F. Moorer
Assistant U.S. Attorney
P.O.Box 197
Montgomery, AL 36101-0197

Timothy Russell
Pro Se Defendant



FCI Talladega. PMB 1000
Talladega, AL 35160

United States District Court

Middle District of Alabama

Office of the Clerk

P.O.Box 711

Montgomery, Alabama 36101-0711